UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY R. REDMOND,

    Movant,

v.

    File No. 1:10-CV-342

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                /

**MEMORANDUM OPINION AND ORDER**
**SUMMARILY DISMISSING § 2255 MOTION WITHOUT PREJUDICE**

This matter comes before the Court on Movant Jeffrey R. Redmond's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant was convicted of making a false statement to an agency of the United States in violation of 18 U.S.C. § 1001(a)(2), and was sentenced to a thirteen-month term of imprisonment. (*United States v. Redmond*, File No. 1:09-CR-246 (W.D. Mich. Mar. 4, 2010), Dkt No. 33, J.) Movant appealed the judgment. (File No. 1:09-CR-246, Dkt. No. 35, Notice of Appeal.) Movant's appeal is pending. *United States v. Redmond*, No. 10-1309 (6th Cir.).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

"[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, advisory committee's note (advising that while "'there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances'") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). Whether extraordinary circumstances exist "depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

Movant contends that his § 2255 motion is an urgent request for an immediate release for home confinement based upon mitigating factors, and that it is filed in addition to his motion for release on bond pending appeal pursuant to Rule 9 of the Federal Rules of Appellate Procedure and 18 U.S.C. § 3142. (Dkt. No. 1, § 2255 Pet. 7.)

There are no extraordinary circumstances that would warrant consideration of Movant's § 2255 petition during the pendency of Movant's appeal. Movant's need for speedy relief is outweighed by the need for conservation of judicial resources because Movant's arguments for immediate release from custody will be addressed in conjunction with his motion for release on bond pending appeal (File No. 1:09-CR-246, Dkt. No. 38, Mot. for Release on Bond Pending Appeal). Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.


Dated:  May 12, 2010                                 /s/ Robert Holmes Bell
                                                                       ROBERT HOLMES BELL
                                                                       UNITED STATES DISTRICT JUDGE